Delbert V. MATHIS, Appellant,

v.

Melvin R. LAIRD, Secretary of Defense,
Appellee.

No. 72–2511.

United States Court of Appeals,
Ninth Circuit.

Sept. 4, 1973.

———◆———

Delbert V. Mathis, in pro per.

Richard F. Locke, Asst. U. S. Atty.
(argued), James L. Browning, Jr., U. S.
Atty., San Francisco, Cal., for appellee.

Before BARNES, HUFSTEDLER and
GOODWIN, Circuit Judges.

PER CURIAM:

Delbert V. Mathis appeals from a
summary judgment in favor of the Sec-
retary of Defense. Mathis sought judi-
cial review of his separation from the
Air Force following a conviction by
court-martial and other relief.

Mathis was separated from the Air
Force in 1958, after a conviction of a
military offense was affirmed by the
Air Force Board of Review, and further
review was denied by the United States
Court of Military Appeals. Eleven
years after his separation, Mathis
sought relief from the Air Force Board
for the Correction of Military Records.
His latest request for administrative re-
lief was denied by that board on Sep-
tember 14, 1971.

Mathis argued below, and in this
court, that the Air Force order conven-
ing his general court-martial had not
been properly signed by his commanding
general. He contends that the court-
martial therefore had no jurisdiction to
try him. He then argues that his sepa-
ration from the service was based upon
a void conviction and was itself void,
with the result that he is still "in" the
Air Force. We need not reach the mer-
its of his contentions, because the dis-
trict court and this court are without ju-
risdiction to consider his complaint.

Mathis is seeking back pay and allow-
ances from the date of his allegedly de-
fective discharge to the present. He
also seeks promotion to the grade he
would have achieved had he suffered no
adverse personnel action. Although his
complaint is cast in terms of an action
for mandamus and a declaratory judg-
ment, the case is essentially one for a
money judgment.

The Court of Claims has been given
exclusive jurisdiction for such money
claims against the United States when
they exceed $10,000. *See* 28 U.S.C. §§
1346(a)(2), 1491. Mathis' claim greatly
exceeds $10,000. Although the Supreme
Court in United States v. Augenblick,
393 U.S. 348, 350–352, 89 S.Ct. 528, 21
L.Ed.2d 537 (1969), specifically refused
to decide whether a collateral attack on
a court-martial judgment will lie in the
Court of Claims through a back-pay suit
alleging a "constitutional" defect, the
Court did not challenge the jurisdiction
of the Court of Claims over back-pay
suits where the courts-martial lacked ju-
risdiction in the traditional sense, viz.,

where no law authorized the court-martial or where the statutory requirements for the convening or jurisdiction of the court-martial were not observed. Moreover, since *Augenblick* the Court of Claims has continued to hear back-pay claims alleging absence of jurisdiction by the court-martial. *See, e. g.,* Gallagher v. United States, 423 F.2d 1371 (Ct.Cl. 1970). To permit this action in District Court would be to undermine the Court of Claims' jurisdiction by permitting the District Court, in effect, to grant relief in excess of the Tucker Act limit. 28 U.S.C. § 1346(a)(2). *See* McClendon v. Blount, 452 F.2d 381, 383 (7th Cir. 1971); Carter v. Seamans, 411 F.2d 767 (5th Cir. 1969).

The judgment of the District Court is modified to a judgment of dismissal under Fed.R.Civ.P. 12(h)(3), and affirmed as modified.