Archie P. SHERAR, Plaintiff-Appellant,

v.

Raymond F. HARLESS, District Director, I.R.S., Robert Hampton, Chairman, Ludwig Andolsek, James E. Johnson, Commissioners, U. S. Civil Service Commission, Defendants-Appellees.

UNITED STATES of America and Edmund R. Bezdek, Petitioners-Appellees,

v.

Archie P. SHERAR, Individually, and as President of L. M. Service, Inc., Respondents-Appellants.

Archie P. SHERAR, Plaintiff-Appellant,

v.

Cornelius J. COLEMAN, Acting District Director, William Lefbom, Acting Assistant District Director, Internal Revenue Service, Defendants-Appellees.

Nos. 74–2261, 75–1133 and 75–1223.

United States Court of Appeals, Ninth Circuit.

Sept. 26, 1977.

In No. 75–1223, appeal dismissed as moot; in No. 75–1133, appeal dismissed as moot; in No. 74–2261, affirmed and remanded with instructions to transfer to Court of Claims.

Archie P. Sherar, pro se.

Nancy Simpson, Asst. U.S. Atty., San Francisco, Cal., argued for appellee.

Before CHOY and GOODWIN, Circuit Judges, and HOFFMAN \*, District Judge.

WALTER E. HOFFMAN, District Judge:

The principal issue before us is whether the District Court has subject matter jurisdiction of No. 74–2261, appellant's back pay claim. It was concluded at the time of argument that No. 75–1223 is moot, and we need not discuss the government's contention that the anti-injunction statute, 26 U.S.C. § 7421, would be violated by the requested injunctive relief. No. 75–1133 is also moot, in that there is no further need to enforce the summonses involved in that case, because the records requested in the summonses have, since argument, been produced by the appellant, Sherar, in pending Tax Court litigation. The District Court in its order of March 25, 1974[1] ruled that it had no jurisdiction of a back pay claim greater than $10,000. We affirm and remand with directions to transfer No. 74–2261 to the Court of Claims pursuant to 28 U.S.C. § 1406(c).[2]

The background of these consolidated cases reflects a rather lengthy procedural history. On July 3, 1973, this Court ruled that the appellant, Sherar, had been improperly dismissed from his employment by the Internal Revenue Service (IRS). *Sherar v. Cullen*, 481 F.2d 945 (9th Cir. 1973). This Court held that the appellant should be reinstated, and remanded the case to the District Court for a determination of back pay due the appellant but without discussing the extent of the possible claim. On January 18, 1974, the District Court ordered the IRS to calculate the amount of back pay due.[3] The appellant brought an action for contempt and motion for judgment against those parties named as defendants in No. 74–2261. The District Court in its order of March 25, 1974, denied the appellant's requested relief, holding *inter alia* that it was without jurisdiction to enter a judgment of $156,301.16, the appellant's requested back pay award.[4]

The appellant contends that the District Court had jurisdiction to award this claim, citing as authority *The Federalist Papers*, No. 78, Hamilton, to the effect that a dollar judgment is not required, in that the Court need merely determine the facts and law, because the purely judicial function of ascertaining the facts and pronouncing the law thereon is separable and independent from the function of carrying out the decision.[5]

We are not persuaded by this argument. We find controlling *Mathis v. Laird*, 483 F.2d 943 (9th Cir. 1973), wherein it is stated:

Mathis is seeking back pay and allowances from the date of his allegedly defective discharge to the present. He also

---

\* Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. Record on appeal at 235.

2. We have also given consideration to the question of whether appellant's claim is barred by the six-year statute of limitations in 28 U.S.C. § 2501. However, this issue was neither briefed nor argued, and any part of this opinion dealing with this issue should be considered dictum.

3. Pursuant to 5 U.S.C. § 5596.

4. The IRS reached a figure of $83,179.55, which represented the gross back pay determination of $122,194.40 calculated by the IRS, less deductions for Civil Service Retirement and taxes, etc. Record on appeal at 236.

5. Brief for Appellant at 21.

seeks promotion to the grade he would have achieved had he suffered no adverse personnel action. Although his complaint is cast in terms of an action for mandamus and a declaratory judgment, the case is essentially one for a money judgment. 483 F.2d at 943.

This Court then ruled that neither it nor the District Court had jurisdiction to consider the complaint, because the Court of Claims has been given exclusive jurisdiction of such money claims against the United States when they exceed $10,000. *Id.*; 28 U.S.C. §§ 1346(a)(2), 1491.[6] To permit this action in the District Court would be to undermine the Court of Claims' jurisdiction by permitting the District Court, in effect, to grant relief in excess of the Tucker Act limit of $10,000. 28 U.S.C. § 1346(a)(2).

Without deciding the issue, we feel that the appellant's claim was not barred by the statute of limitations under 28 U.S.C. § 2501, which reads, as pertinent:

§ 2501. *Time for filing suit*

Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition is filed within six years after such claim first accrued.

▆ Appellant had a duty to exhaust his administrative remedies before resorting to the courts.[7] Appellant's claim did not accrue until he had exhausted his administrative remedies. *Crown Coat Front Co. v. United States*, 386 U.S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967). The appellant's claim did not accrue in light of 28 U.S.C. § 2501 until May 30, 1969, which was the date of the last administrative decision.[8] Appellant filed his complaint in the United States District Court for the Northern District of California on December 30, 1969.[9] We feel this filing tolled the applicable statute of limitations, in light of 28 U.S.C. § 1406(c), which reads:

§ 1406. *Cure or waiver of defects*

(c) If a case within the exclusive jurisdiction of the Court of Claims is filed in a district court, the district court shall, if it be in the interest of justice, transfer such case to the Court of Claims, where the case shall proceed as if it had been filed in the Court of Claims on the date it was filed in the district court.

▆ In determining whether to transfer a case to the Court of Claims, the district court must determine whether the "interests of justice" dictate such a transfer. Factors to be considered are whether the statute of limitations would otherwise run, the convenience of parties and witnesses, and whether efficient and expeditious administration of justice would be furthered. *Eccles v. United States*, 396 F.Supp. 792 (D.N.D.1975); *see also, Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). In light of these factors, we feel that the case should have been transferred to the Court of Claims, and that

---

6. As pertinent, 28 U.S.C. § 1346(a)(2) reads:
§ 1346. *United States as defendant*
(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
(2) any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . .
28 U.S.C. § 1491 reads, as pertinent:
§ 1491. *Claims against United States generally; actions involving Tennessee Valley Authority*
The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . .

7. *Myers v. Bethlehem Shipbuilding Co.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938). *See, Right of Appeal to the Commission*, 5 C.F.R. § 152.203 (1977), and *Internal Revenue Service Personnel Manual* §§ 0550.5–0550.58, record on appeal at 119–124.

8. Appellant was fired March 25, 1966. Record on appeal at 2. We assume that by December 30, 1969, the back pay claim exceeded $10,000, with the Court of Claims thus assuming exclusive jurisdiction under 28 U.S.C. § 1346(a)(2).

9. Record on appeal at I.

the statute of limitations should have been considered tolled as of December 30, 1969.[10]

Accordingly, we remand to the District Court with instructions that it transfer the case to the Court of Claims under 28 U.S.C. § 1406(c). *See Myers v. United States*, 323 F.2d 580, 583 (9th Cir. 1963).

 In addition to his accumulated back pay, appellant contends that he is entitled to 1,534 hours of annual leave. This is an issue which should be handled by the Court of Claims.

Appellant claims to be entitled to health benefits as of January 18, 1974. The law on this issue is clear that:

> No amount should be deducted from said gross amount (of back pay) for crediting to Federal Employees' Health Benefits because pursuant to the Federal Personnel Manual, subchapter S8–5, Supp. 890–1, he elects not to have prior enrollment reinstated retroactively. *Ainsworth v. United States*, 399 F.2d 176, 179, 185 Ct.Cl. 110 (1968).

 We hold that appellant is not entitled to health benefits as of the above date, because he elected not to be reinstated retroactively, and health benefits were not therefore deducted from the gross back pay entitlement.[11] It would be illogical to pay appellant what would have been deducted, in addition to his gross entitlement, where no deduction was made. Such a result would amount to a double payment for that portion of appellant's pay used to purchase health insurance.

 Finally, appellant contends his back pay award should be computed at rates of pay currently in effect, rather than at rates appellant would have earned. We reject this contention. The Back Pay Act, 5 U.S.C. § 5596, clearly limits the government's liability to what appellant would have earned. The statute reads:

> (b) An employee   .   .   .

(1) is entitled on correction of the personnel action, to receive for the period for which the personnel action was in effect an amount equal to all or any part of the pay, allowances, or differentials, as applicable, that the employee normally would have earned during that period if the personnel action had not occurred, less any amounts earned by him through other employment during that period.

AS TO NO. 75–1223, APPEAL DISMISSED AS MOOT.

AS TO NO. 75–1133, APPEAL DISMISSED AS MOOT.

AS TO NO. 74–2261, AFFIRMED AND REMANDED WITH INSTRUCTIONS TO TRANSFER TO THE COURT OF CLAIMS.

F.2d 1 (10th Cir. 1971) and *Peltzman v. Smith*, 404 F.2d 335 (2d Cir. 1968).

---

10. For cases illustrating the trial court's discretion in deciding whether to transfer a case to the Court of Claims, *see United States v. Northern Colorado Water Conservancy*, 449

