**CAPE FOX CORPORATION,**
Plaintiff-Appellant,

v.

**UNITED STATES of America et al.,**
Defendants-Appellees.

Nos. 78–3439, 79–4136.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 1980.

Decided May 26, 1981.

Peter R. Ellis, Ellis, Sund & Whittaker, Ketchikan, Alaska, for Cape Fox.

Peter R. Steenland, Jr., Washington, D. C., argued for U. S.; Anne S. Almy, Sanford Sagalkin, Washington, D. C., on brief.

Before WALLACE, HUG and SCHROEDER, Circuit Judges.

HUG, Circuit Judge:

This case concerns the rights of a Native Village Corporation organized pursuant to the Alaska Native Claims Settlement Act and the obligations of the federal government with regard to land selected under the Act to be transferred to a Native Village Corporation. The specific issues relate to an extension by the United States Forest Service of a pre-existing timber contract involving lands selected by a Native Village Corporation.

Cape Fox Corporation is a Native Village Corporation organized pursuant to the Alaska Native Claims Settlement Act (ANCSA), 43 U.S.C. §§ 1601–28. ANCSA was passed by Congress for the purpose of settling "all claims by Natives and Native groups of Alaska, based on aboriginal land claims." 43 U.S.C. § 1601(a). The Act operated to extinguish the aboriginal land titles of all Alaska Natives, as well as any claims based upon aboriginal title. The Alaska Natives received in exchange 40,000,000 acres of land in fee simple and $962,500,000. *See generally United States v. Atlantic Richfield Co.*, 612 F.2d 1132, 1134 (9th Cir.), *cert. denied*, —— S.Ct. ——, 101 S.Ct. 244, 66 L.Ed.2d 113 (1980). In order to receive benefits under the Act, Native residents of Native Villages must organize as profit or nonprofit corporations. 43 U.S.C. § 1607. Cape Fox is one such corporation. A Native Village Corporation is entitled to select for transfer to the corporation certain federal lands in Alaska.

Cape Fox filed suit against the United States, certain federal officials, and three private timber companies seeking declaratory and injunctive relief and damages as a result of the government's extension of a timber contract involving lands that Cape Fox had selected pursuant to ANCSA. We affirm in part, and reverse and remand in part with an order to dismiss.

I

This case came to the district court, 456 F.Supp. 784 (D.Alaska 1978), on cross-mo-

tions for summary judgment. The stipulated facts include the following. In 1969 the United States entered into a timber sale contract with Annette Timber Corporation, later known as Alaska Timber Corporation (ATC); the expiration date on the contract was December 31, 1974. ANCSA was enacted in December 1971.

In 1973 the Ketchikan Pulp Company (KPC) assumed performance of the timber sale contract as ATC's purchaser's representative. In April 1974 the Forest Service notified ATC that it might not qualify for a contract extension because it was not making adequate progress in the logging operation. Subsequently, KPC undertook substantial efforts to qualify for the extension. In the meantime, Cape Fox had been formed.

On November 25, 1974, ATC requested a two-year extension of the contract. On December 2, 1974, the Forest Service informed Cape Fox by letter that the contract, which involved lands within the area available for selection by Cape Fox, would probably be extended. On December 12, 1974, Cape Fox submitted a selection application which included specific lands covered by the contract. On December 23 the contract was conditionally extended to allow environmental modifications.

On December 26, 1974, Sealaska, the regional corporation formed pursuant to ANCSA, objected to the extension of the contract on behalf of itself and Cape Fox pending a meeting with the Forest Service. Sealaska withdrew its objection after the meeting, and the final contract, with environmental modifications, was executed on December 31, 1975.

Early in 1976 Cape Fox asked the Forest Service to substitute other areas for contract lands which had been selected by Cape Fox. The Forest Service refused, and advised Cape Fox that unilateral modification of the contract boundaries was not possible. On May 6, 1977, the Forest Service notified ATC that the contract requirements had been met and that the contract was closed.

## II

Cape Fox sought several forms of relief in the district court as a result of the government's extension of the timber contract. First, Cape Fox sought a declaratory judgment regarding damages, as well as damages in excess of $10,000, against the United States. Cape Fox also sought an injunction compelling the federal officials to immediately convey the lands Cape Fox had selected, as well as declaratory judgments regarding the trust responsibilities of the United States and federal officials when managing lands selected by a Native Village Corporation pursuant to ANCSA and the propriety of the contract extension. Finally, Cape Fox sought declaratory and injunctive relief against the federal officials to preserve allegedly deteriorating timber assets, and trespass damages and declaratory relief against the timber companies that had been awarded the logging contract.

The district court held that it had no jurisdiction to hear the damage action against the United States, and transferred that claim, along with the request for a declaratory judgment regarding damages, to the Court of Claims. The district court found that ANCSA does not give rise to trust responsibilities on the part of the United States or federal officials, that the timber contract was properly extended, and that ANCSA does not require the immediate conveyance of lands selected pursuant to the Act by Native Village Corporations. The district court did not decide the issues regarding the allegedly deteriorating timber assets pending the outcome of an evidentiary hearing. Finally, the trespass actions against the timber companies were dismissed on the ground that Cape Fox had neither actual nor constructive possession of the lands in question.

## III

We affirm the order of the district court transferring the damage action against the United States to the Court of Claims. The Court of Claims has exclusive jurisdiction of damage actions against the United States when the amount sought is

greater than $10,000. 28 U.S.C. §§ 1491, 1346(a)(2); *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co.*, 595 F.2d 1126, 1132 (9th Cir. 1979).

■ The district court also properly refused to grant a declaratory judgment regarding the damage liability of the United States as a result of the timber contract extension. Because the contract was completed at the time of judgment, the declaratory judgment would have operated only to determine the existence and extent of the damages to which Cape Fox was entitled. The declaratory judgment thus would have undermined the exclusive jurisdiction of the Court of Claims. *Mathis v. Laird*, 483 F.2d 943, 944 (9th Cir. 1973). The district court apparently attempted to transfer the declaratory judgment action to the Court of Claims along with the damage action. The Court of Claims lacks jurisdiction to grant declaratory relief, however. *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); *SCM Corporation v. United States*, 595 F.2d 595, 599 (Ct.Cl. 1979). The proper course would have been to dismiss that claim, which may have been the intention of the district court. In any case, we now remand the declaratory judgment action concerning damages against the United States with an order to dismiss for lack of jurisdiction pursuant to *Mathis v. Laird*.

■ On the government's motion for summary judgment, the district court granted declaratory judgments declaring that ANCSA does not give rise to trust responsibilities on the part of the United States or federal officials and that the timber contract was properly extended. It was error for the district court to have done so. The only purpose which could be served by the granting of declaratory judgments on those issues would be to determine the liability of the United States for damages to Cape Fox as a result of the contract extension. Thus, the granting of declaratory judgments on these issues operates to undermine the exclusive jurisdiction of the Court of Claims. *Mathis v. Laird*, 483 F.2d at 944.

We distinguish this case from *Rowe v. United States*, 633 F.2d 799 (9th Cir. 1980). In that case this court held that the district court may retain jurisdiction over an equitable claim while transferring a damage claim to the Court of Claims. In *Rowe*, however, plaintiffs sought money damages and an injunction compelling the Secretary of Interior to award oil and gas leases. There the Court of Claims could not have awarded all the relief requested, namely, the injunction compelling the Secretary to award the leases. Here, however, the only reason for the declaratory judgments is to determine the liability for damages. The declaratory judgments on these issues are thus remanded with an order to vacate.

■ The district court did have jurisdiction and properly considered the question whether ANCSA requires federal officials immediately to transfer lands selected by Native Village Corporations pursuant to the Act. The request for immediate conveyance, like the request for an injunction requiring the Secretary to award the leases in *Rowe*, was not a claim that could be considered by the Court of Claims. However, the lands involved in the contract have now been transferred to Cape Fox. Thus, the issues relating to the request for an injunction compelling conveyance have become moot. *See Williams v. Alioto*, 549 F.2d 136 (9th Cir. 1977). We thus remand this claim with directions to dismiss.

The district court properly found that it had jurisdiction to address Cape Fox's claims for declaratory and injunctive relief against the federal officials to preserve allegedly deteriorating timber assets. The district court determined that these issues could not be decided on motions for summary judgment, however, and ordered an evidentiary hearing, while certifying the remainder of the case under Rule 54(b). No issue involving those claims is now before us.

Finally, the district court acted properly in addressing the trespass claims against the timber companies. The dismissal of these claims has not been appealed, however, and is not now before us.

## IV

In conclusion, the order of the district court transferring the damage action against the United States to the Court of Claims is affirmed. The order transferring the declaratory judgment claim regarding damages to the Court of Claims is reversed and remanded with directions to dismiss. The declaratory judgments regarding the trust responsibilities of the federal officials and the United States under ANCSA and the validity of the contract extension are reversed and remanded with directions to dismiss. The judgment concerning the claim for an injunction requesting immediate conveyance of the selected lands is set aside for mootness and remanded with directions to dismiss. The claims for declaratory and injunctive relief to preserve timber assets are not before us on appeal; however, it appears that they are subject to dismissal by the district court as moot, since the lands have now been transferred.

REVERSED IN PART and REMANDED IN PART with an ORDER TO DISMISS.