**Vincent L. SHAW, Plaintiff,**

v.

**Samuel R. PIERCE, Jr., Secretary Department of Housing and Urban Development Agency, and Arch Ramsay, Director, Office of Personnel Management, Defendants.**

**No. CIV. S–81–252 RAR.**

United States District Court,
E. D. California.

March 24, 1982.

Vincent L. Shaw, in pro per.

Yoshinori H. T. Himel, Asst. U. S. Atty., Sacramento, Cal., for defendants.

## MEMORANDUM AND ORDER

RAMIREZ, District Judge.

The motion of defendants to dismiss on the grounds of *res judicata*, collateral estoppel, and statute of limitations came on regularly for hearing before the Honorable Raul A. Ramirez on March 1, 1982, at 9:00 a.m. Plaintiff, VINCENT L. SHAW, acting *in propria persona*, made no appearance while defendants, SAMUEL R. PIERCE, JR. and ARCH RAMSAY, appeared by their counsel, Yoshinori H. T. Himel, Assistant United States Attorney.

Having reviewed and considered the moving papers of the parties, the various documents attached thereto, and having heard the arguments of respective counsel, the Court now renders the following Memorandum decision:

BACKGROUND

This action is, in essence, a challenge to the 1972 termination of plaintiff while he was a probationary employee with the Buffalo, New York office of the United States Department of Housing and Urban Development. Plaintiff became employed at that office on January 4, 1971, and was terminated on January 2, 1972, the last day of his one-year probationary period.

During 1972 and 1973, plaintiff appealed his termination to the New York Regional Appeals Office of the Civil Service Commission, the Commission's Board of Appeals and Review in Washington, D. C., and the Civil Service Commission. The Civil Service Commission rendered a final decision on March 27, 1973, concluding that plaintiff's termination was proper.

In March, 1973, plaintiff filed suit in the United States District Court for the Western District of New York, challenging his termination. In November, 1976, the District Court granted defendants' motion for partial summary judgment, sustaining the decision of the Civil Service Commission that plaintiff, as probationary employee, had no right to a pretermination hearing. The District Court did not decide the issue of whether plaintiff was impermissibly terminated for criticism of his agency in contravention of his First Amendment rights. In May, 1977, the parties stipulated to a dismissal of that action without prejudice.

In January, 1978, plaintiff instituted an action in the Court of Claims, challenging his termination. In April, 1980, the Court of Claims granted defendants' motion for

summary judgment, holding that plaintiff's termination was proper. This decision of the Court of Claims is reported in *Shaw v. United States*, 622 F.2d 550 (Ct.Cl.1980).

In April, 1981, plaintiff filed his complaint in the United States District Court for the Eastern District of California again contending that his termination in 1972 was improper. In August, 1981, plaintiff filed an amended complaint seeking, *inter alia*, damages in the amount of one million dollars ($1,000,000.00), back pay, injunctive relief, and, an order requesting reinstatement and correction of his personnel records.

## ISSUE

Before this Court can address defendants' motion to dismiss on the grounds of *res judicata*, collateral estoppel, and statute of limitations, the Court must, *sua sponte*, decide whether it has subject matter jurisdiction over the present litigation.[1]

## DISCUSSION

Defendants' position, as argued in their reply to the opposition to the motion to dismiss, is that the Tucker Act grants exclusive jurisdiction over this action in the Court of Claims, as it is a personnel action against the United States seeking injunctive relief, damages, and back pay in excess of ten thousand dollars ($10,000.00). As mentioned, plaintiff, acting *in propria persona*, has taken no position on the issue of jurisdiction.

### I

Tucker Act jurisdiction is specified in 28 U.S.C. §§ 1491, 1346(a)(2). 28 U.S.C. § 1491 reads, in pertinent part:

The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive

department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.... To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.

28 U.S.C. § 1346(a)(2) reads, in pertinent part:

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims of:

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort....

Recent Ninth Circuit cases addressing Tucker Act jurisdiction fall primarily into one of two categories: non-personnel actions, *see, e.g., Bakersfield City School District v. Boyer*, 610 F.2d 621 (9th Cir. 1979); *Cape Fox Corp. v. United States*, 646 F.2d 399 (9th Cir. 1981); *Drennan v. Harris*, 606 F.2d 846 (9th Cir. 1979); *Laguna Hermosa Corp. v. Martin*, 643 F.2d 1376 (9th Cir. 1981); *Lee v. Blumenthal*, 588 F.2d 1281 (9th Cir. 1979); *Marcus Garvey Square v. Winston Burnett Const. Co.*, 595 F.2d 1126 (9th Cir. 1979); *Rowe v. United States*, 633 F.2d 799 (9th Cir. 1980), and personnel actions, *see, e.g., Beller v. Middendorf*, 632 F.2d 788 (9th Cir. 1980); *Denton v. Schles-*

---

1. On October 2, 1981, defendants filed a motion to dismiss on the grounds of *res judicata*, collateral estoppel, and statute of limitations. In said motion, defendants alluded to the possibility that this Court did not have subject matter jurisdiction. (Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss at 4 n.2.) Plaintiff, in his Memoran-

dum of Points and Authorities in Opposition to the Motion to Dismiss, filed February 2, 1982, did not address the subject matter jurisdiction issue. In defendants' Reply to Opposition to Motion to Dismiss, defendants argued that this Court, in fact, did not possess subject matter jurisdiction over the instant litigation.

*inger*, 605 F.2d 484 (9th Cir. 1979); *Glines v. Wade*, 586 F.2d 675 (9th Cir. 1978), *rev'd on other grounds, sub nom. Brown v. Glines*, 444 U.S. 348, 100 S.Ct. 594, 62 L.Ed.2d 540 (1980); *Kester v. Campbell*, 652 F.2d 13 (9th Cir. 1981); *Mathis v. Laird*, 483 F.2d 943 (9th Cir. 1973); *Sherar v. Harless*, 561 F.2d 791 (9th Cir. 1977).

■ The above-entitled categories are no doubt mandated by 28 U.S.C. § 1491 which explicitly grants the Court of Claims limited equitable relief powers in personnel actions. *Denton, supra*, at 487. In non-personnel actions, the Court of Claims generally lacks the power to grant equitable relief.[2] *Rowe, supra*, at 802, citing *Richardson v. Morris*, 409 U.S. 464, 465–66, 93 S.Ct. 629, 630–31, 34 L.Ed.2d 647 (1973); *Glines v. Wade, supra*, at 681, citing *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) and *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

## II

■ In *non-personnel actions*, application of Tucker Act jurisdiction can be briefly summarized as follows: First, if the claim is one for monetary relief, the Court of Claims has exclusive jurisdiction if the claim exceeds ten thousand dollars ($10,000.00); if the claim does not exceed ten thousand dollars ($10,000.00), the Court of Claims and the district courts have concurrent jurisdiction. 28 U.S.C. §§ 1491, 1346(a)(2); *Marcus Garvey Square, supra*, at 1132; *Lee, supra*, at 1281. Second, if the claim is for equitable relief, Tucker Act jurisdiction is inapplicable as the Court of Claims does not have equitable relief powers save those granted for personnel actions.[3] *Kester, supra*, at 15, citing *Rowe, supra*, at 802, and *Richardson v. Morris*, 409 U.S. 464, 465–66, 93 S.Ct. 629, 630–31, 34 L.Ed.2d 647 (1973); *Rowe, supra*,

at 802; *Denton, supra*, at 486; *Glines v. Wade, supra*, at 681, citing *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), and *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Third, if the claim is for both monetary relief in excess of ten thousand dollars ($10,000.00) and equitable relief, the claims must be bifurcated—the monetary claim is under the exclusive jurisdiction of the Court of Claims, while the equitable claim is under the exclusive jurisdiction of the district courts. *Rowe, supra*, at 802; *Cape Fox Corp., supra*, at 402. As mentioned, this bifurcation is necessitated because of the Court of Claims' general lack of equitable relief powers.

## III

In *personnel actions*, application of Tucker Act jurisdiction can be briefly summarized as follows: First, if the claim is one for monetary relief, *e.g.*, back pay and damages, the Court of Claims has exclusive jurisdiction if the claim exceeds ten thousand dollars ($10,000.00); if the claim does not exceed ten thousand dollars ($10,000.00), the Court of Claims and the district courts have concurrent jurisdiction. 28 U.S.C. §§ 1491, 1346(a)(2); *Mathis, supra*, at 943; *Kester, supra*, at 15; *Denton, supra*, at 485–87; *Sherar, supra*, at 794. Second, if the claim is for equitable relief only, Tucker Act jurisdiction is not applicable, as the equitable powers granted the Court of Claims in personnel actions can only be exercised incidental to a judgment on a monetary claim. 28 U.S.C. § 1491; *Denton, supra*, at 486–87. Third, if the claim is for both monetary relief in excess of ten thousand dollars ($10,000.00) and equitable relief, the Tucker Act mandates one of two results: if the equitable relief sought is of the type granted to the Court of Claims for

---

2. While the Court recognizes that the Court of Claims has certain equitable powers incidental to its power to grant money judgments, *e.g.* recission and reformation, *Pauley Petroleum v. United States*, 591 F.2d 1308 (Ct.Cl.1979), *cert. denied*, 444 U.S. 898, 100 S.Ct. 206, 62 L.Ed.2d 133, such equitable powers are not relevant to this case or analysis.

3. Tucker Act jurisdiction is applicable to an equitable claim if that claim is in reality an effort to obtain money from the federal government. *Laguna, supra*, at 1379; *Bakersfield City School District, supra*, at 628; *Denton, supra*, at 487–88; *Lee, supra*, at 1282–83; *Sherar, supra*, at 794. However, this Court is not faced with that situation.

use in personnel actions, i.e., the issuance of orders directing restoration to office or position, placement in appropriate duty or retirement status, or correction of applicable records, the Court of Claims has exclusive jurisdiction over both claims, 28 U.S.C. § 1491; *Denton, supra,* 486–87; if, however, the equitable relief sought is *not* of the type specified in 28 U.S.C. § 1491, *e.g.,* an injunction enjoining the enforcement of a statute alleged to be unconstitutional, the claims must be bifurcated. As such, the monetary claim is under the exclusive jurisdiction of the Court of Claims, and the equitable claim is under the exclusive jurisdiction of the district court. *Beller, supra,* at 799; *Glines v. Wade, supra,* at 681–82.

Turning now to the facts of the case at hand, plaintiff has filed a personnel action wherein he seeks, *inter alia,* back pay, one million dollars ($1,000,000.00) in damages, an order of reinstatement, and the correction of his records. Therefore, the Court is faced with a monetary claim in excess of ten thousand dollars ($10,000.00), coupled with an equitable claim for reinstatement and correction of records. Since the equitable claim is for relief which the Court of Claims is empowered to grant, no bifurcation is required—both claims are under the exclusive jurisdiction of the Court of Claims.[4] 28 U.S.C. § 1491; *Denton, supra,* at 486–87. Unlike *Beller, supra,* and *Glines v. Wade, supra,* no equitable relief is sought outside of the scope of the equitable powers of the Court of Claims.

## CONCLUSION

Since this Court has determined that it lacks subject matter jurisdiction, the Court cannot rule on the merits of the claim, and as such, the action in its entirety must be dismissed or transferred to the Court of Claims. 28 U.S.C. § 1406(c); *Sherar, supra,* at 794. 28 U.S.C. § 1406(c) states:

> (c) If a case within the exclusive jurisdiction of the Court of Claims if filed in a district court, the district court shall, *if it be in the interest of justice,* transfer such case to the Court of Claims, where the case shall proceed as if it had been filed in the Court of Claims on the date it was filed in the district court. (Emphasis added)

The phrase "[in] the interest of justice" has been held to require that the district court examine "whether the statute of limitations would otherwise run, the convenience of parties and witnesses, and *whether efficient and expeditious administration of justice would be furthered*" when it considers transfer to the Court of Claims. *Sherar, supra,* at 794 (emphasis added).

Having reviewed plaintiff's claim in the context of the substantive grounds of defendants' motion to dismiss, i.e., *res judicata,* collateral estoppel, and statute of limitations, the Court concludes that plaintiff's claim is clearly barred on the grounds delineated by defendants, and as such, transfer of this action to the Court of Claims would not further the "efficient and expeditious administration of justice", *Ibid.* In short, this Court believes that the proper disposition of this action is a dismissal with prejudice.[5]

For those reasons as set forth herein, IT IS THEREFORE ORDERED that this action is dismissed with prejudice.

---

4. It should be noted that this result is supported by the fact that the Court of Claims has already resolved the claims currently before this Court. *Shaw v. United States,* 622 F.2d 550 (Ct.Cl.1980).

5. Although this Court would generally be inclined to dismiss the action without prejudice so as to give plaintiff an opportunity to amend his complaint to eliminate any monetary claim in excess of ten thousand dollars ($10,000.00), thus conferring upon this Court subject matter jurisdiction pursuant to 28 U.S.C. § 1346(a)(2), any and all attempts to amend would constitute a futile act, ultimately resulting in the granting of defendants' motion to dismiss on the grounds of *res judicata,* collateral estoppel, and statute of limitations.