791 F.2d 1381
 Robert S. FADEM and Mary O. Fadem, Plaintiffs/Appellants,
v.
UNITED STATES of America; William Clark, Secretary of the
Interior; and Robert Burford, Director, Bureau of
Land Management, Defendants/Appellees.
 No. 85-6153.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 9, 1986.
Decided June 16, 1986.
As Amended Aug. 12, 1986.
 
 Alexandra M. Kwoka, Joel C. Estes, Kevin J. Hoyt, Estes & Hoyt, San Diego, Cal., for plaintiffs/appellants.
 Claire L. McGuire, Dept. of Justice, Washington, D.C., for defendants/appellees.
 Appeal from the United States District Court for the Southern District of California.
 Before SCHROEDER, BOOCHEVER, and HALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellants, Robert and Mary Fadem, filed this action in district court for declaratory and monetary relief against the government in connection with a dispute over proper boundaries of their property. They assert that the district court had jurisdiction under the Bona Fide Rights Act, 43 U.S.C. Sec. 772 and 28 U.S.C. Sec. 1331. The district court dismissed, holding that appellants' exclusive remedy for settlement of such boundary disputes was provided under the Quiet Title Act, 28 U.S.C. Sec. 2409a. We affirm.
 
 
 2
 The appellants have owned real property in San Diego County since 1965. Their property is bordered by federal lands managed by the Bureau of Land Management (BLM). Appellants' deed reflects the original 1880 government survey. In 1971, the BLM unilaterally conducted a resurvey of the boundaries of the federal land, and appellants allege that this resurvey impaired their property rights. Appellants filed suit on December 21, 1984, naming as defendants the United States, the Secretary of the Interior, and the Director of the BLM. Their complaint sought $2.5 million in damages. Jurisdiction was predicated upon 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 2201 (the Declaratory Judgment Act), and 43 U.S.C. Sec. 772 (the Bona Fide Rights Act). Appellants asserted that by conducting the resurvey, the BLM violated the Bona Fide Rights Act.[1]
 
 
 3
 The Supreme Court's decision in Block v. North Dakota, 461 U.S. 273, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983), controls this case. In Block, the State of North Dakota brought suit against federal officials to resolve a dispute as to the ownership of land in a riverbed. In an attempt to avoid application of the Quiet Title Act's twelve-year statute of limitations, 28 U.S.C. Sec. 2409a(f), North Dakota argued that the Act's remedy is not exclusive, and thus the suit could be maintained on grounds other than the QTA. The Supreme Court disagreed, and held "that Congress intended the [Quiet Title Act] to provide the exclusive means by which adverse claimants could challenge the United States' title to real property." Id. at 286, 103 S.Ct. 1811.
 
 
 4
 The appellants argue that Block does not deal with claims arising from an improper resurvey, and that this court is therefore free to determine whether the Bona Fide Rights Act creates an implied cause of action in addition to the remedies of the Quiet Title Act. To this argument there are several responses. We observe first that both the Quiet Title Act and the Supreme Court's decision in Block apply to all boundary disputes with the government. Further, the Bona Fide Rights Act by its terms creates no express cause of action. Nor is there an implied cause of action under the standards of Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). There is no indication in either the legislative history or subsequent interpretation of the Act that Congress intended by its passage to create a private enforcement remedy. The only reported case under the Bona Fide Rights Act since the enactment of the Quiet Title Act in 1972 appears to be the Tenth Circuit's decision in United States v. Reimann, 504 F.2d 135 (10th Cir.1974), in which the government, not a private party, initiated a declaratory judgment action. Reimann provides no support for the appellants' theory that there is a private cause of action to enforce the provisions of the Bona Fide Rights Act.
 
 
 5
 We express no opinion as to the availability of remedies in this case under either the Quiet Title Act or the Tucker Act, 28 U.S.C. Sec. 1346(a)(2). The Court of Claims would appear to have exclusive jurisdiction over damage claims such as those asserted in this case. See Cape Fox Corp. v. United States, 646 F.2d 399, 401-02 (9th Cir.1981).
 
 
 6
 Affirmed.
 
 
 
 [1]
 The Bona Fide Rights Act, 43 U.S.C. Sec. 772, provides:
 The Secretary of the Interior may, in his discretion, cause to be made ... such resurveys or retracements of the surveys of public lands as, after full investigation, he may deem essential to properly mark the boundaries of the public lands remaining undisposed of: Provided, That no such resurvey or retracement shall be so executed as to impair the bona fide rights or claims of any claimant, entryman, or owner of lands affected by such resurvey or retracement.