29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert FADEM; Mary O. Fadem, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee. (Three Cases)
 Nos. 92-56400, 92-56404, 92-56407.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1994.*
Decided June 22, 1994.
 
 Before: BRIGHT**, WIGGINS, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 This case involves a land dispute between owners of high desert property in southern California and the Bureau of Land Management ("BLM"). Several actions instituted by the Fadems ("Appellants") were consolidated before the district court. We conclude that this court lacks jurisdiction over this appeal because the district court did not finally dispose of one of the consolidated actions.
 
 PROCEDURAL HISTORY
 
 3
 On December 9, 1983, Appellants filed a trespass and conversion complaint in a California court against agents and employees of the BLM for the taking of steel culverts and culvert connectors for repair to the road extension ("Fadem I"). The case was transferred to the Southern District of California.
 
 
 4
 The remainder of the actions stem from Appellants' attempts to dispute a BLM resurvey that reduces the size of their property. Appellants claim they obtained actual knowledge of the BLM resurvey only in 1983. Appellants argued to the BLM, without success, that the resurvey was not legitimate. On December 12, 1984, Appellants filed a complaint under the Bona Fide Rights Act, 43 U.S.C. Sec. 772, seeking correction of the resurvey. That case was dismissed on the grounds that the Bona Fide Rights Act did not create a private cause of action and that the Quiet Title Act ("QTA"), 28 U.S.C. Sec. 2409, was the exclusive vehicle for challenging the United State's title to real property. The Ninth Circuit affirmed that holding in Fadem v. United States, 791 F.2d 1381 (9th Cir.1986) (per curiam) (hereinafter Fadem II ). The court at that time expressed no opinion as to the availability of remedies under the QTA. Id. at 1383.
 
 
 5
 In the meantime, on August 7, 1985, Appellants filed another complaint (Fadem III), originally based on the Administrative Procedures Act, but later amended to state a claim under the Federal Tort Claims Act ("FTCA"), alleging that the resurvey caused them to lose acreage and suffer other damages.
 
 
 6
 Finally, on February 10, 1988, Appellants filed a QTA action (Fadem IV) in the district court. In addition, on September 26, 1988, they filed another FTCA action (Fadem V) in the Claims Court that alleges that numerous negligent acts, including the resurvey, deprived them of their property without compensation.
 
 
 7
 In July of 1990, all of the Fadem cases (except Fadem II, which was resolved by this court, and Fadem VI, a QTA action still pending in the district court), were consolidated in the Southern District. The four other cases, including the trespass and conversion case (Fadem I), the two FTCA cases (Fadem III and Fadem V), and the QTA case (Fadem IV) were consolidated for all purposes. Fadem III was dismissed on July 8, 1992. Fadem IV was dismissed on May 15, 1992, and was denied reconsideration on August 31, 1992. Fadem V was dismissed on August 31, 1992. The Fadems have appealed the orders dismissing Fadem III (D.C. No. 85-1787-R(M)/C.A. No. 92-56407), Fadem IV (88-0203-R(M)/92-56404), and Fadem V (88-1507-R(M)/92-56400). Fadem I, however, has not been completely resolved. The district court granted part of a motion to dismiss, but some claims remain, including a conversion claim against the government.
 
 JURISDICTION
 
 8
 A case is not final and reviewable until the district court enters the judgment "end[ing] the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Huene v. United States, 743 F.2d 703 (9th Cir.1984), holds that an order that disposes of just one out of two or more consolidated cases is not a final order and is not appealable absent a certification pursuant to Fed.R.Civ.P. 54(b). The court said that "the best approach is to permit the appeal only when there is a final judgment that resolves all of the consolidated actions unless a 54(b) certification is entered by the district court." Id. at 705. This court may not assume that the district court will take the steps necessary to make the judgment final and confer appellate jurisdiction. Zucker v. Maxicare Health Plans, Inc., 14 F.3d 477, 481-82 (9th Cir.1994).
 
 
 9
 In the appeal before this court there has been no "final judgment that resolves all of the consolidated actions." Huene, 743 F.2d at 705. Nor has there been any Rule 54(b) certification. That being the situation, this court is without jurisdiction to hear the appeal. We will consider the merits at such time as the district court enters judgment on Fadem I or certifies any issues it feels are appropriate for appeal.
 
 
 10
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3