51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert FADEM; Mary O. Fadem, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
Robert FADEM; Mary O. Fadem, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 92-56400, 92-56407.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1994.*
Memorandum Filed June 22, 1994.
Memorandum Withdrawn Oct. 20, 1994.
Decided March 29, 1995.
 
 Before: BRIGHT**, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The parties are familiar with the facts so we need not restate them here. Appellants' request to submit additional briefing is DENIED.
 
 
 3
 A. Fadem v. United States (No. 92-56407) (Fadem III ).
 
 
 4
 This case was filed pursuant to the Federal Tort Claims Act (FTCA), essentially alleging negligent resurvey of the land. In Fadem v. United States, 791 F.2d 1381 (9th Cir.1986) (Fadem II ), this court held that the exclusive vehicle for challenging the United States' title to real property was the Quiet Title Act, 28 U.S.C. Sec. 2409. Id. at 1382. Fadem's reliance on Dunbar Corp. v. Lindsey, 905 F.2d 754, 756 (4th Cir.1990), is misplaced. To the extent that Dunbar can be read to permit a quiet title action against the United States under the FTCA, it is in conflict with both Fadem II and Block v. North Dakota, 461 U.S. 273 (1983). The claimed negligence of the Government in resurveying the boundary has no independent significance beyond whether or not the line is correct. Thus, it is subsumed in the title question and not an independent claim for relief. The district court was correct in dismissing Fadem III.
 
 
 5
 B. Fadem v. United States (No. 92-56400) (Fadem V )
 
 
 6
 Fadem's FTCA claim for trespass during the process of the resurvey can have no validity unless such a claim would be valid under the law of the State of California. A surveyor's privilege is well established under California law. Cal.Civ.Code Sec. 846.5 (West 1982 and Supp.1992). Fadem's apparent contention that the privilege does not apply because the survey was negligently done is unconvincing. The privilege applies to persons "legally authorized to practice land surveying." Cal.Civ.Code Sec. 846.5(a). It is not limited to those persons engaged in surveying boundary lines where the line proves to be correctly located or is located to the satisfaction of the adjoining owners.
 
 
 7
 Fadem has not shown that the markers were other than incidental to the survey, and thus their placement came within the privilege. The district court correctly dismissed Fadem V.
 
 
 8
 To the extent that Fadem V also constituted an attempt to raise title questions under the FTCA, those claims were properly dismissed for reasons given above in the discussion of Fadem III.
 
 CONCLUSION
 
 9
 The dismissals of the cases of Fadem v. United States, No. 92-56407 (Fadem III ), and Fadem v. United States, No. 92-56400 (Fadem V ), are in all respects AFFIRMED.
 
 
 10
 No costs allowed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Hon. Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3