605 F.2d 484
 Lt. Jimmy N. DENTON, Lt. Robert C. Ballard, Lt. Larry R.
Aho, Capt. David A. Arthur, Lt. Darrell L. Ashe, Lt. Phillip
R. Babb, Lt. Denis F. Bennett, Capt. Thornton Boyd, Lt.
Harvey E. Bull, Lt. C. R. Byers, Lt. Robert W. Cherry, Lt.
Charles R. Crawford, Lt. Ted G. Davidson, Lt. William K.
Gaylord, Lt. Gary Geigel, Lt. Charles W. Griffin, Lt.
Robert A. Ham, Capt. Roger W. Hill, Lt. Luther G. Ingram,
Jr., Lt. Tolin W. Hodgell, Capt. Jack N. Hudson, Lt. John P.
Lawler, Lt. F. R. Lewers, Lt. John E. Lones, Lt. Bernard
Lewis, Lt. Winston E. A. Matthews, Lt. Theodore Marx, Capt.
John F. McDowell, Lt. John M. Miller, Lt. Ronald L. Moir,
Lt. Selby E. Moore, Lt. Henry T. Morris, III, Capt. David
T. Pereira, Lt. Gerald J. Riley, Lt. Edward W. Rish, Lt.
Nicholas G. Sandifer, Lt. Robert K. Schulz, Capt. Joseph
Schvimner, Lt. John F. Smith, Lt. Douglas H. Triger, Lt.
Arthur R. Tuck, Lt. Dave Ursprung, Capt. James R. Walker,
Capt. Bruce Welch, and Lt. C. W. Jaget, John E. Miller,
Plaintiffs-Appellants,
v.
James R. SCHLESINGER, Secretary of Defense, J. William
Middendorf, II, Secretary of the Navy, and Vice
Admiral David H. Bagley, U. S. N., Chief
of Navy Personnel, Defendants-Appellees.
 No. 77-2443.
 United States Court of Appeals,
Ninth Circuit.
 Oct. 3, 1979.
 
 Laurence C. Baldauf, Jr., Schall & Stennett, San Diego, Cal., on briefs, for plaintiffs-appellants.
 Peter W. Bowie, Asst. U. S. Atty. and Charles H. Dick, Jr., former U. S. Atty., San Diego, Cal., on briefs, for defendants-appellees.
 Appeal from the United States District Court for the Southern District of California.
 Before KENNEDY and ANDERSON, Circuit Judges, and HALL,* District Judge.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 This case involves the question whether the Court of Claims or a federal district court is the proper forum for challenging discharges from the military service. The court below, concluding that the present case was in reality a suit against the United States for damages in excess of $10,000, held that the Court of Claims was the proper forum and dismissed for lack of jurisdiction. We agree and affirm the order of dismissal.
 
 BACKGROUND
 
 2
 On April 7, 1975, the plaintiffs, all junior officers in the Navy and Marine Corps, instituted this action against the Secretary of Defense, the Secretary of the Navy, and the Chief of Navy Personnel. The plaintiffs were all Navy lieutenants or Marine Corps captains. Most had been enlisted men who had received commissions during the Vietnam conflict. After failing to receive promotions during fiscal 1971 and 1972, they were all ordered discharged for failure of promotion to the next higher rank under 10 U.S.C. § 6382. If an officer fails to receive a promotion after having been considered twice, then the officer must be discharged.[1]
 
 
 3
 In their complaint, the plaintiffs asked for the following relief from the district court: an injunction preventing their discharges; a declaration that the promotion statutes and regulations had been applied unconstitutionally; a declaration that their retirement benefits had vested; an order placing them back on the eligibility list for promotion; an award of damages in the amount of $350,000 per plaintiff based on breach of contract and the Fifth Amendment; and an order requiring the Chief of Navy Personnel to issue new discharge orders. In the jurisdictional allegations of their complaint, the plaintiffs claimed jurisdiction in the district court under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1361 (mandamus); 28 U.S.C. §§ 2201, 2202 (declaratory judgment); and 28 U.S.C. § 1343 (civil rights). They also assert that the monetary loss to each plaintiff exceeds $10,000, and that their action is, in part, based upon breach of contract.
 
 
 4
 The court below, in dismissing the plaintiffs' action for lack of jurisdiction, reasoned that the requested injunctive, declaratory, and mandamus relief all amounted to a request to be returned to active duty with the wages and remunerations which are attendant to that status. Since this was susceptible of monetary calculation, any ruling in favor of the plaintiffs would in reality be an adjudication of a monetary claim. The court concluded that neither injunctive nor mandamus relief was available because the plaintiffs had an adequate legal remedy in their claim for damages. The district court found that the present suit was in reality against the United States, although not named as a party, since "the effect of the judgment would be to adjudicate a claim involving the government's money." Because the amount in controversy exceeded $10,000, the Court of Claims, and not the District Court, had jurisdiction over the case.
 
 
 5
 On appeal, the plaintiffs contend that their complaint was within the jurisdictional grant to the district courts. After reviewing the relevant statutes and the decisions which have presented similar issues, we conclude that the district court did not err in dismissing the present case.
 
 DISCUSSION
 
 6
 Both the Court of Claims and the district courts are courts of limited jurisdiction. Our determination of which court is empowered to hear the present case must therefore begin with an examination of the statutes granting jurisdiction to these courts.
 
 
 7
 The Court of Claims and the district courts have concurrent jurisdiction over most civil actions and claims brought against the United States for amounts not exceeding $10,000. 28 U.S.C. § 1346.[2] If an amount exceeding $10,000 is sought, then the Court of Claims has exclusive jurisdiction to hear the case. 28 U.S.C. § 1491.[3]
 
 
 8
 Although the plaintiffs alleged in their complaint that the amount in controversy exceeded $10,000 and that they were entitled to damages of $350,000 each, they still maintain that the Court of Claims is not the proper forum because their damage claims are merely pendant to their equitable claims for relief.[4] They argue that the Court of Claims is not capable of granting relief on these matters.
 
 
 9
 Plaintiffs are incorrect. Looking behind the labels and generalizations of their complaint, plaintiffs have essentially requested two things.[5] First, they want money damages for their early and allegedly illegal termination from the military. And, second, they want to be restored to their former positions, with all of the wages, retirement benefits, and other remunerations which are attendant to that status.
 
 
 10
 Congress has expressly granted jurisdiction to the Court of Claims over this type of case. In conjunction with its power to award damages against the United States for amounts in excess of $10,000, the Court of Claims is empowered:
 
 
 11
 ". . . To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States."
 
 
 12
 28 U.S.C. § 1491. This language was added to the statute in 1972. P.L. 92-415; 86 Stat. 652, reprinted in (1972) U.S.Code Cong. & Admin.News, p. 749. The legislative history indicates that Congress intended to cover military discharge cases by this amendment.[6]
 
 
 13
 The result we reach is consistent with the approach taken by several other courts which have been confronted with similar questions.[7]
 
 
 14
 In Cook v. Arentzen, 582 F.2d 870 (4th Cir. 1978), a discharged naval officer sought reinstatement and back pay in the district court. After an extensive examination of each of the alleged grounds which could support jurisdiction in the district court,[8] the Fourth Circuit found that only the Court of Claims could properly exercise jurisdiction over this type of case.
 
 
 15
 Larsen v. Hoffman, 444 F.Supp. 245 (D.C.1977), involved an identical situation. Several junior Air Force officers brought suit challenging their discharges which had resulted from the Air Force's failure of promotion scheme. They claimed jurisdiction in the district court based upon:
 
 
 16
 ". . . 28 U.S.C. §§ 1331 (federal question), 1361 (mandamus), 1346 (civil action against United States), 2201-02 (declaratory judgments), the Privacy Act, 5 U.S.C. § 552a, 10 U.S.C. §§ 266, 277, 3441-3452 (reserve components and temporary appointments), Army Regulations 624-100 and 635-100, Department of Defense Instruction 1205.4, and the Fifth Amendment to the Constitution."
 
 
 17
 In a well-reasoned opinion, it was concluded that none of these statutes conferred jurisdiction on the district court and so the action was transferred to the Court of Claims as the proper forum.
 
 
 18
 A former serviceman sought judicial review of his court-martial and separation from the Air Force in Mathis v. Laird, 483 F.2d 943 (9th Cir. 1973). This court found that the district court was without jurisdiction to entertain the action and that the Court of Claims was the proper forum. The following reasoning is equally applicable to the present case:
 
 
 19
 "Mathis is seeking back pay and allowances from the date of his allegedly defective discharge to the present. He also seeks promotion to the grade he would have achieved had he suffered no adverse personnel action. Although his complaint is cast in terms of an action for mandamus and a declaratory judgment, the case is essentially one for a money judgment."
 
 
 20
 483 F.2d at 943.
 
 
 21
 Based upon the previous discussion, we conclude that the court below was correct in its determination that the Court of Claims is the proper forum to bring this type of action.
 
 
 22
 We believe that it is "in the interest of justice" that the present case is transferred to the Court of Claims. 28 U.S.C. § 1406(c). Accordingly, we remand to the district court with directions to transfer the case to the Court of Claims. See Sierra-Vista Hospital, Inc. v. Califano, 597 F.2d 200 (9th Cir. 1979); Sherar v. Harless, 561 F.2d 791 (9th Cir. 1977); Dr. John T. MacDonald Foundation v. Califano, 571 F.2d 328 (5th Cir. 1978) (en banc), Cert. denied, 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238.
 
 
 23
 AFFIRMED and REMANDED.
 
 
 
 *
 The Honorable Peirson M. Hall, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 This statutory "up or out" scheme was found constitutional after a gender-based equal protection challenge by one of the plaintiffs in the present case. Schlesinger v. Ballard, 419 U.S. 498, 95 S.Ct. 572, 42 L.Ed.2d 610 (1975)
 
 
 [2]
 The relevant part of 28 U.S.C. § 1346 states that:
 "(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims of:
 "(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States."
 
 
 [3]
 The relevant part of 28 U.S.C. § 1491 provides as follows:
 "The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States. To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just. The Court of Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under the Contract Disputes Act of 1978."
 
 
 [4]
 The mere pendency of the damage claims to other claims which are within the jurisdiction of the district court does not necessarily confer jurisdiction on the district court to grant damages in excess of $10,000. Glines v. Wade, 586 F.2d 675 (9th Cir. 1978), cert. granted, 440 U.S. 957, 99 S.Ct. 1496, 59 L.Ed.2d 769
 This case is otherwise distinguishable from Glines. Unlike the present case, the plaintiff's complaint in Glines did not contain allegations which would support jurisdiction in the Court of Claims. 586 F.2d at 682. Additionally, the Glines case involved a challenge to specific regulations of the Air Force which were found overbroad in violation of the First Amendment.
 
 
 [5]
 In reviewing the allegations pertaining to jurisdiction and the requested relief in the complaint, neither the district court nor this court is bound by the particular appellations affixed by the plaintiff. See Myers v. United States, 323 F.2d 580, 583 (9th Cir. 1963)
 
 
 [6]
 The Senate Report explained the partial purpose of the amendment as follows:
 "A second important classification where the present limits on the remedies available in the Court of Claims imposes unwarranted burdens on the litigant is in cases involving military personnel. These generally are monetary claims which are based on retirements in an improper status, such as failure to award disability retirement pay or retirement in proper rank. Some of the cases are also based on an improper dismissal from the service. In those cases, the Court of Claims can grant a monetary judgment but cannot alter the serviceman's military status. This bill would permit the court to grant such military personnel relief collateral to and consistent with the judgment."
 Sen.Rep.No.92-1066, 92d Cong., 2d Sess., Reprinted in 2 (1972) U.S.Code Cong. & Admin.News, pp. 3116, 3118.
 
 
 [7]
 In addition to those cases discussed, see, for example: Polos v. United States, 556 F.2d 903 (8th Cir. 1977) (civilian technician in National Guard sought reinstatement and back pay); Carter v. United States, 509 F.2d 1150 (Ct.Cl.1975) (Court of Claims granted relief to an illegally-discharged Air Force officer); Parrish v. Seamons, 485 F.2d 571 (4th Cir. 1973) (former serviceman could not challenge his court-martial by mandamus jurisdiction in district court where Court of Claims could provide the proper remedy); Carter v. Seamons, 411 F.2d 767 (5th Cir. 1969), Cert. denied, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (district court did not have mandamus jurisdiction to effect de jure reinstatement into Air Force and award of back wages)
 
 
 [8]
 These included 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (mandamus), 28 U.S.C. § 2201 (declaratory judgment), which are all involved in the present case