**Francisco SCHULTHESS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Alan Campbell, Director of the Civil Service Commission, the Civil Service Commission, Elmber B. Staats, Comptroller General of the United States, Defendants-Appellees.**

**No. 81-4561.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 1982.

Decided Dec. 6, 1982.

Beatrice Taines, Walnut Creek, Cal., argued, for plaintiff-appellant; Micahel Wing Jone Hu, San Francisco, Cal., on brief.

Sandra L. Willis, San Francisco, Cal., for defendants-appellees.

---

Before BROWNING, PREGERSON and POOLE, Circuit Judges.

POOLE, Circuit Judge:

Appellant Francisco Schulthess, a retired employee of the United States government, appeals from the district court's order dismissing his action against the United States, the Civil Service Commission and its director, and the Comptroller General of the United States ("the government") for an award of back pay and a corresponding adjustment of his civil service retirement annuity. The district court granted the government's motion to dismiss on the ground that Schulthess had failed to state a claim upon which relief could be granted. In this appeal Schulthess claims that the district court erred in finding that his action was a claim for retroactive job reclassification, for which no right to relief exists. He also contends that his suit is not barred by the applicable six-year statute of limitations and that the district court has jurisdiction to hear the action.

Because we find that the district court lacks jurisdiction in this case, we reverse the district court's order of dismissal. But, since jurisdiction may lie in the United States Claims Court (formerly the Court of Claims), we remand with directions to transfer Schulthess' action to the United States Claims Court pursuant to 28 U.S.C. § 1406(c).

I. FACTS

In 1934 Schulthess, a native of the Philippine Islands, was hired in Manila by the government of the United States as an alien employee. In Manila he worked as a clerk-messenger with the Commerce Department until 1939 and then as a clerk with the State Department until his retirement in April 1968. Certain overseas jobs with the federal government, including those held by Schulthess, were compensated at local rates and were available only to local employees who were not United States citizens. Consequently, as an alien employee Schulthess was paid at a lower wage scale than United States citizens in comparable government positions.

In 1950, to comply with a loyalty check of Filipino employees being conducted by the American Embassy in Manila, Schulthess produced a copy of his parents' marriage certificate. The certificate listed the nationality of his father, who had been born in Switzerland, as American. Realizing that he would be a citizen of the United States if his father had been naturalized, Schulthess demanded that his superiors pay him the higher salary of a citizen employee. His demand was refused.

Schulthess then wrote to the Immigration and Naturalization Service and the Justice Department in 1950 and 1951 in attempts to verify his father's United States citizenship, but his efforts were unsuccessful. Schulthess made no further attempts to verify his citizenship until 1976, eight years after his retirement from government service. Then, after writing to the county clerk in Salt Lake City, Utah, he learned that his father was indeed a naturalized United States citizen. In April 1976, Schulthess obtained a Certificate of Citizenship indicating he had in fact been a United States citizen from his birth in 1914.

In September 1976, Schulthess filed administrative claims with the General Accounting Office (GAO) for back pay and a corresponding adjustment of his civil service retirement annuity. He claimed that he should have been paid the higher salary of a citizen employee rather than as an alien employee during his 34 years of government employment in Manila. The GAO denied his claim for back pay on February 22, 1977, on the ground that it was barred by the six-year statute of limitations governing claims against the United States. It referred Schulthess' annuity adjustment claim to the Civil Service Commission (now the Office of Personnel Management), which deferred ruling on the annuity pending resolution of his back pay claim.

Schulthess appealed the GAO's denial of his claim for back pay to the Comptroller General of the United States, who affirmed the GAO's decision on April 30, 1978. The Comptroller General granted Schulthess' request for reconsideration but again af-

firmed the GAO's decision on December 27, 1978.

Schulthess sued in the United States District Court for the Northern District of California on August 11, 1980, seeking $101,322 in back pay under 5 U.S.C. § 5596 (the Back Pay Act)[1] and a concomitant adjustment of his retirement annuity under 5 U.S.C. § 8331 *et seq.*

The government moved to dismiss the action for failure to state a claim upon which relief could be granted. The district court granted the motion, finding that Schulthess' action was a claim for retroactive reclassification. It held that Schulthess failed to state a cause of action under the Back Pay Act because he had not been subjected to removal, suspension, reduction in job grade or a similar form of unjustified personnel action as required by 5 U.S.C. § 5596.

Schulthess challenges the district court's conclusion, claiming that his action is for a retroactive change in pay scale rather than for a reclassification of position, status or grade. Although the district court did not decide any other issues, Schulthess also contends that the district court has jurisdiction over his suit and that his action is not

barred by the applicable statute of limitations because his claim did not accrue until 1976, when he received his Certificate of Citizenship.

## II. JURISDICTION

Federal courts hear only cases over which they have jurisdiction. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968 (9th Cir.1981) *cert. denied,* 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982). The district court here granted the government's motion to dismiss Schulthess' action without deciding the essential threshold question whether it had the jurisdiction to entertain the claim. We hold that jurisdiction is lacking.

Schulthess' action consists of two related claims: a demand for $101,322 in back pay and a corresponding adjustment in his civil service retirement annuity.[2] Under 28 U.S.C. § 1346 (the Tucker Act), district courts have jurisdiction over money claims against the United States that are based on the Constitution, Acts of Congress, executive regulations or contracts with the United States only if the claim involves $10,000 or less.[3] The district courts thus have juris-

---

1. Title 5 U.S.C. § 5596 provides in part:

    (b)(1) An employee of an agency who ... is found ... to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—

    (A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—

    (i) an amount equal to all or any part of the pay, allowances, or differentials as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period; and

    (ii) reasonable attorney fees related to the personnel action ... shall be awarded ... and

    (B) for all purposes, is deemed to have performed service for the agency during that period, [exceptions] ....

2. Schulthess bases his contention that the United States owes him $101,322 in back pay on his calculations of the difference between his sala-

ry as an alien employee and the amount a United States citizen in his job would have earned in 34 years. Schulthess' annuity is based on his earnings while employed by the government, so any annuity adjustment is dependent upon him first receiving an award of back pay.

3. Title 28 U.S.C. § 1346(a)(2) provides that the district courts have original jurisdiction, concurrent with the Court of Claims, of

    [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978 ....

diction concurrent with the United States Claims Court only when the amount involved does not exceed $10,000. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Denton v. Schlesinger,* 605 F.2d 484 (9th Cir.1979). In general, except for claims sounding in tort, the United States Claims Court has exclusive jurisdiction over actions against the United States in excess of $10,000. 28 U.S.C. § 1346(a)(2), 1491; *Cape Fox Corp. v. United States,* 646 F.2d 399 (9th Cir.1981); *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co.,* 595 F.2d 1126 (9th Cir. 1979).

Schulthess is seeking more than $100,000 in back pay, clearly exceeding the Tucker Act's $10,000 maximum. The district court therefore lacks jurisdiction under 28 U.S.C. § 1346 to the extent that his claim is one for back pay.

In addition to his principal claim for back pay, Schulthess also seeks an upward adjustment of his retirement annuity. Title 28 U.S.C. § 1346 does not bar the district court's jurisdiction over such a claim; but his claim for an annuity adjustment is dependent upon and must be preceded by an initial award of back pay.

Schulthess contends that the district court has jurisdiction of his annuity claim because it involves a federal question (28 U.S.C. § 1331) arising under 5 U.S.C. §§ 702 (the Administrative Procedure Act) and 8347 (relating to the Civil Service Act). He attempts to circumvent the problem of the district court's lack of jurisdiction over his back pay claim by arguing that since it has jurisdiction over his annuity claim it can exercise ancillary jurisdiction over his claim for back pay.

■ This reliance on ancillary jurisdiction is misplaced. " 'Ancillary' means auxiliary, accessorial or subordinate." *Glen Falls Indemnity Co. v. United States,* 229 F.2d 370, 373–374 (9th Cir.1955). Ancillary jurisdiction allows a district court to decide matters incidental to or dependent upon a matter properly before it. *See Fulton Bank v. Hozier,* 267 U.S. 276, 280, 45 S.Ct. 261, 262, 69 L.Ed. 609 (1925); 13 C. Wright, A.

Miller & E. Cooper, *Federal Practice and Procedure* § 3523 (1975). Although Schulthess requests the distinct relief of an annuity adjustment, he must establish his entitlement to a back pay award before an adjustment of his annuity can be considered. His claim for back pay is not incidental or subordinate to that for annuity adjustment; the reverse is true. The annuity adjustment is completely dependent upon the prior resolution of his principal claim for back pay and does not ripen until after an initial determination that he is entitled to a back pay award.

The situation here is analogous to that considered by the Fourth Circuit in *Cook v. Arentzen,* 582 F.2d 870 (4th Cir.1978). There the court held that the district court had no jurisdiction over an action in which a former female Naval officer (who had been forced to resign on account of pregnancy) sought back pay, reinstatement, damages and declaratory relief. It held that when a claim for injunctive or declaratory relief was coupled with a claim for damages, jurisdiction was proper only in the Court of Claims even though 28 U.S.C. § 1331, the general federal question statute, might have provided jurisdiction in an action for injunctive or declaratory relief alone. "To hold as she [the plaintiff] asks . . . would expand the jurisdiction of the district courts beyond that which we think Congress intended. Indeed, in such a case as Lt. Cook's, to hold for her would make the jurisdiction of the district court coextensive with the Court of Claims." *Cook,* 582 F.2d at 878.

In *Denton v. Schlesinger,* 605 F.2d 484 (9th Cir.1979), this court held that the Court of Claims was the proper forum for an action seeking injunctive relief and more than $10,000 in damages. We rejected the contention that jurisdiction existed because the damage claims were merely pendent to the equitable claims for relief. *Denton,* 605 F.2d at 486.

■ Since the annuity adjustment claim does not exist independently but must be

appended to Schulthess' back pay request,[4] the district court lacked jurisdiction to resolve the back pay claim or the annuity adjustment because of the limitations of 28 U.S.C. § 1346(a)(2). Because of this lack of jurisdiction, the district court should not have reached the merits of the case. We therefore reverse the order granting the government's motion to dismiss this action for failure to state a claim upon which relief can be granted.

## III. TRANSFER TO THE CLAIMS COURT

Title 28 U.S.C. § 1406(c) provides that if a case within the exclusive jurisdiction of the Court of Claims (now the United States Claims Court) is improperly filed in district court, the court "shall, if it be in the interest of justice," transfer the action to the Court of Claims. We have ruled that the Claims Court is the proper forum for this action, and further believe that it is in the interest of justice that the present case be transferred to the Claims Court pursuant to 28 U.S.C. § 1406(c). *Denton,* 605 F.2d 484; *Sherar v. Harless,* 561 F.2d 791 (9th Cir.1977). We express no opinion on whether Schulthess' action will in fact survive once filed in that court.

Accordingly, we remand to the district court with instructions to vacate its order of dismissal and to transfer the case to the Claims Court.

REVERSED AND REMANDED.

**4.** This case is unlike that involved in *Rowe v. United States,* 633 F.2d 799 (9th Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981), because Schulthess' annuity adjustment claim is inseparable from his back pay claim. The determination of Schulthess' principal back pay claim is an essential preliminary to resolution of the annuity issue. In *Rowe,* however, the plaintiffs sought two independent and separate remedies—money damages and to compel the Secretary of the Interior to award oil and gas leases to them.