**Dennis T. COOK, Plaintiff,**

v.

**SECRETARY OF the AIR FORCE, Defendant.**

Civ. No. 93–1586–FR.

United States District Court, D. Oregon.

April 22, 1994.

Dan R. Hyatt, Portland, OR, for plaintiff.

Kristine Olson Rogers, U.S. Atty., Judith D. Kobbervig, Asst. U.S. Atty., Portland, OR, for defendant.

## OPINION

FRYE, District Judge:

The matters before the court are (1) the motion of the plaintiff, Dennis T. Cook, to allow amended complaint (#9); and (2) the motion of the defendant, the Secretary of the Air Force, to dismiss (#6-1) or, in the alternative, to transfer to the United States Court of Federal Claims (#6-2).

Dennis T. Cook seeks review of an administrative action undertaken by the Secretary of the United States Air Force (the Air Force), whereby Cook was discharged from the Air Force prior to the expiration of his term of enlistment.

## FACTS

Dennis T. Cook enlisted in the Air Force in August, 1968. Thereafter, he re-enlisted four times, the last time commencing on December 21, 1984 for a period of five years. On February 6, 1986, Cook was demoted from the grade of technical sergeant, E–6, to the grade of staff sergeant, E–5, because of his failure to maintain the weight standards required by the Air Force for his age and height.

On June 6, 1986, an administrative discharge board convened to consider whether Cook should be discharged for failing to maintain the weight standards required by the Air Force for his age and height. The administrative discharge board found that there was a basis for discharging Cook, and therefore a general discharge was appropriate, but the board recommended nonetheless that Cook be offered probation and rehabilitation. The Secretary of the Air Force directed that Cook be discharged. On November 7, 1986, Cook was discharged.

On February 1, 1989, Cook petitioned the Air Force Board of Correction of Military Records (AFBCMR) to remove references from the record of the proceedings before the administrative discharge board and to set aside the board's action as void; to reinstate him to active duty at his formerly held grade of pay, E–6; and to give him special consideration for early promotion to grade of pay, E–7, along with his peers. In his petition to the AFBCMR, Cook also requested that he receive the back pay and allowances which would become available to him upon reinstatement. On April 17, 1990, the AFBCMR, finding no error or injustice, refused to change the record of the proceedings before the administrative discharge board or to reinstate Cook to active duty or to give him consideration for early promotion.

Cook filed this suit on December 21, 1993, seeking an order of this court granting the relief he sought before the AFBCMR. In his tendered amended complaint, Cook seeks an order of the court "1. Setting aside plaintiff's administrative discharge and restoring plaintiff immediately to active duty in the United States Air Force, effective November 7, 1986; 2. Directing Defendant to promote plaintiff to pay-grade E–7 as though plaintiff had never been discharged; 3. ... such other and further relief as is equitable...." Amended Complaint, p. 6.

## CONTENTIONS OF THE PARTIES

The defendant, the Secretary of the Air Force, contends that the court lacks subject matter jurisdiction over Cook's claim because the Tucker Act, 28 U.S.C. §§ 1346 and 1491, provides that the United States Court of Federal Claims has exclusive jurisdiction for non-tort claims involving money damages exceeding $10,000.

Cook contends that jurisdiction is appropriate in this court based upon 28 U.S.C. § 1331. Cook also contends that the allegations he made in his tendered amended complaint will cure any jurisdictional deficiencies the court might find.

The defendant argues in reply that the court will only have to dismiss the amended complaint if it is allowed to be filed for lack of jurisdiction or will have to transfer this case to the United States Court of Federal Claims. The court will allow the tendered amended complaint to be filed.

## 1. *The Tucker Act*

The Tucker Act, 28 U.S.C. § 1346(a), provides, in part, as follows:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of
>
> . . . .
>
> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . .

Original jurisdiction over non-tort claims for money damages in excess of $10,000 rests exclusively in the United States Court of Federal Claims. *Meyers v. United States,* 323 F.2d 580, 582 (9th Cir.1963). The defendant argues, however, that this action is governed by the Tucker Act and, thus, this court lacks jurisdiction to proceed.

■ Cook contends that the Tucker Act has no application here because jurisdiction is based on federal question jurisdiction under 28 U.S.C. § 1331. However, it is well established that 28 U.S.C. § 1331, by itself, does not waive the sovereign immunity of the United States. *Hagemeier v. Block,* 806 F.2d 197, 202–203 (8th Cir.1986); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir. 1985).

■ Cook further contends that jurisdiction in this court is proper under 10 U.S.C. § 1552, the enabling statute for the Military Boards for Correction of Military Records. However, 10 U.S.C. § 1552 does not provide for a waiver of sovereign immunity. Cook has not cited any cases in which 10 U.S.C. § 1552 has been deemed a jurisdictional grant for a federal district court. Rather, in *Dehne v. United States,* 970 F.2d 890, 894 (Fed.Cir.1992), the United States Court of Appeals for the Federal Circuit recognized that 10 U.S.C. § 1552 allows only for "appropriate discretionary payment by the Secretary in certain circumstances."

The United States Court of Claims, the predecessor to the United States Court of Federal Claims, has held that its authority to award monetary damages is not co-extensive with the authority of the corrections boards to make discretionary payments pursuant to 10 U.S.C. § 1552. *Reale v. United States,* 529 F.2d 533, 208 Ct.Cl. 1010, 1013, *cert. denied,* 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 129 (1976). Likewise, this court finds that it does not have the jurisdictional authority to award any monetary damages to Cook based on 10 U.S.C. § 1552.

## 2. *Waiver of Sovereign Immunity Pursuant to Section 702 of the Administrative Procedure Act*

■ Cook contends that the restrictions of the Tucker Act do not apply in this action because his claim is for equitable relief pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 *et seq.* Section 702 of the APA gives individuals access to the United States district courts to challenge agency action. 5 U.S.C. § 702. Section 702 of the APA, however, waives the government's sovereign immunity only for claims seeking "relief other than money damages." *Id.* Moreover, even if section 702 of the APA applies, section 704 of the APA limits the waiver of sovereign immunity to claims for which "there is no other adequate remedy in a court." 5 U.S.C. § 704. The defendant argues that the waiver of sovereign immunity pursuant to the APA does not apply here because the gravamen of Cook's amended complaint is for money damages, not equitable relief. The defendant further argues that even if section 702 of the APA applies, the limitation of section 704 divests this court of jurisdiction because an adequate remedy exists in the United States Court of Federal Claims.

In analyzing the applicability of section 702 of the APA, the defendant argues that the court must look not only at the plaintiff's characterization of a complaint as equitable, but at the nature of the relief which can be recovered if the plaintiff is successful. The defendant cites *Marshall Leasing, Inc. v. United States,* 893 F.2d 1096 (9th Cir.1990), in support of this view. In *Marshall,* the United States Court of Appeals for the Ninth Circuit stated that "[a] party may not avoid

the Claims Court's jurisdiction by framing an action against the federal government that appears to seek only equitable relief when the party's real effort is to obtain damages in excess of $10,000." *Id.* at 1099. The court noted that if the "actual relief" resulting from review of the equitable claim would be "monetary," then it is a claim for money damages. *Id.* (quoting *Rowe v. United States*, 633 F.2d 799, 802 (9th Cir.1980)).

In the tendered amended complaint, Cook requests retroactive reinstatement. The characterization of this action as a petition for reinstatement does not alter the fact that the result of granting such a petition would be both reinstatement and back pay and, thus, is in large part monetary in nature. Whether Cook characterizes his complaint as a claim for back pay or for equitable relief in the form of retroactive reinstatement, this type of case has traditionally been filed in the United States Court of Federal Claims.

Cook argues that even though back pay would be awarded, the gravamen of his claim is equitable, and the monetary payment would be a collateral result of reinstatement. The United States Court of Appeals for the Ninth Circuit rejected this argument in *Denton v. Schlesinger*, 605 F.2d 484 (9th Cir. 1979). In *Denton*, the Ninth Circuit held that the Court of Claims was the proper forum for a suit by junior officers of the Navy and Marine Corps seeking damages and injunctive relief for their discharges under a statutory "up or out" scheme. The officers had argued that their claims for monetary damages were merely pendant claims to their claims for equitable relief. Looking beyond the labels and generalizations of the officers' complaint, the appellate court determined that the requests of the officers were for money damages and reinstatement with all of the wages, benefits and other remunerations attendant to their former positions.

Cook seeks money damages and reinstatement to his former rank and pay grade, with all of the attendant benefits. As in *Denton*, the "other than money damages" bar of section 702 of the APA is an obstacle to the exercise of jurisdiction by this court.

Moreover, the requirement of section 704 of the APA that there be "no other adequate remedy in a court" before sovereign immunity is waived is also an obstacle to this proceeding in this forum. The crucial question with regard to section 704 of the APA is whether the United States Court of Federal Claims has the authority to award all of the relief that Cook has requested. In his tendered amended complaint, Cook requests retroactive reinstatement, including back pay and a correction of records. The United States Court of Federal Claims has statutory authority to provide all of the relief Cook requests.

The *Denton* court pointed out that Congress expressly granted jurisdiction to the United States Court of Claims in cases of military discharge when it amended 28 U.S.C. § 1491. Under 28 U.S.C. § 1491, the Court of Claims is empowered "[t]o provide an entire remedy and to complete the relief afforded by the judgment, [and] the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records." *Id.* The United States Court of Federal Claims has, in fact, ordered back pay. *See Skinner v. United States*, 594 F.2d 824, 219 Ct.Cl. 322 (1979); *Sanders v. United States*, 594 F.2d 804, 219 Ct.Cl. 285 (1979).

The court finds that it does not have jurisdiction to determine Cook's claims.

3. *Transfer to the United States Court of Federal Claims*

■ Pursuant to 28 U.S.C. § 1631, this court may transfer this case to the United States Court of Federal Claims. The statute states, in relevant part:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed....

28 U.S.C. § 1631. The defendant argues that a transfer of this case to the United States Court of Federal Claims would not be

in the interests of justice because the action is barred by the statute of limitations governing military actions. Cook argues that the claim is not barred by the statute of limitations. The court need not rule on the merits of the defendant's claim regarding the statute of limitations or the merits of the defenses to Cook's claim. It is in the interests of justice to transfer this action and to allow the United States Court of Federal Claims, utilizing its expertise in matters of military discharge, to make a determination of all of the issues or to dismiss the action.

### CONCLUSION

The motion of Cook to allow amended complaint (#9) is granted. The motion of the defendant to dismiss (#6–1) is denied, and its alternative motion to transfer the amended complaint and all other filings to the United States Court of Federal Claims (#6–2) is granted.